IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIGUEL GARCIA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-795 |
| | § | |
| BEST BUY CO., INC. | § | |
|    Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Best Buy Co., Inc., ("Defendant" or "Best Buy") in the cause styled "*Miguel Garcia v. Best Buy Co., Inc.*," originally pending as Cause No. DC-22-01840 in the 68th Judicial District Court of Dallas County, Texas, files this Notice of Removal of this cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.
BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332.[1] In particular, diversity jurisdiction exists because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[2]

---

[1] *See* 28 U.S.C. § 1441(a)-(b).

[2] *See* 28 U.S.C. § 1332.

## II.
## DIVERSITY JURISDICTION

Upon information and belief, Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.[3]

Best Buy Co., Inc. is a corporation organized under the laws of Minnesota with a principal place of business located at 7601 Penn Avenue South, Richfield, Minnesota 55423. Best Buy Co., Inc. has never been a resident of, incorporated in, or had its principal place of business in Texas. Therefore, Best Buy Co., Inc. is a citizen of Minnesota.

Further, Real-Party-in-Interest Best Buy Stores, L.P. is a Virginia limited partnership with a principal place of business located at 7601 Penn Avenue South, Richfield, Minnesota 55423. Real-Party-in-Interest Best Buy Stores, L.P. is a wholly owned subsidiary of its sole member, Best Buy Co., Inc. At all relevant times herein, neither Best Buy Co., Inc. nor Real-Party-in-Interest Best Buy Stores, L.P. has ever been a resident of, incorporated in, or had its principal place of business in Texas. Therefore, Real-Party-in-Interest Best Buy Stores, L.P. is a citizen of the State of Minnesota because its sole member (Best Buy Co., Inc.) is also a citizen of the State of Minnesota.[4] As such, complete diversity of citizenship exists between the parties and this case is properly removable.[5]

---

[3] *See* Pl.'s Orig. Pet. attached as **Exhibit 1**, at p. 1, Sec. II.

[4] *See Settlement Funding, L.L.C. v. Rapid Settlements, Limited*, 851 F.3d 530, 536 (5th Cir. 2017) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.")).

[5] *See* 28 U.S.C. § 1332.

## III.
## UNDERLYING SUIT

Plaintiff claims that, on or about May 24, 2020, he injured his back while working for Best Buy and lifting boxes at a warehouse located at 731 N. Highway 67, Cedar Hill, Texas. [6] Plaintiff filed suit on February 15, 2022, in the 68th Judicial District Court of Dallas County, Texas, alleging negligence and premises liability causes of action against Defendant. Defendant was served on March 10, 2022 and filed its Original Answer on April 1, 2022.[7]

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in his Original Petition that he is seeking damages "in excess of $250,000, but not more than $1,000,000...."[8] Plaintiff seeks damages for past and future physical pain and suffering, mental anguish, medical expenses, lost wages, and impairment/disability.[9] Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs, and this case is properly removable.[10]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon

---

[6]  *See* Pl.'s Orig. Pet. at pp. 2-3, Sec. VI (**Ex. 1**).

[7]  *See* Executed Citation Return, attached as **Exhibit 2** and Def.'s Orig. Answer, attached as **Exhibit 3**.

[8]  *See* Pl.'s Orig. Pet. at p. 1, Sec. I (**Ex. 1**).

[9]  *Id*. at p. 3, Sec. VII (**Ex. 1**).

[10] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (amount in controversy may be determined from face of the complaint) (citing *de Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993)).

which such action or proceeding is based."[11] Defendant became aware this case was removable on March 10, 2022, when it was served with Plaintiff's Original Petition.[12] Thus, this removal is timely as it is made within thirty days thereafter.[13] Moreover, more than one year has not passed since the commencement of the action in state court on February 15, 2022.[14]

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this United States District Court for the Northern District of Texas, Dallas Division, embraces the county (Dallas County, Texas) in which the removed action is pending.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed and/or will file with the Clerk of the 68th Judicial District Court of Dallas County, Texas a Notice of Filing Notice of Removal contemporaneously with the filing of this Notice of Removal and/or promptly after the filing of same in compliance with 28 U.S.C. § 1446(d).

Pursuant to, and in accordance with, 28 U.S.C. §§ 1446(a) and 1447(b), a copy of the following are attached hereto:

(1)   Plaintiff's Original Petition (filed February 15, 2022);[15]

---

[11]   28 U.S.C. § 1446(b)(1).

[12]   *See* **Ex. 1** at "Service of Process Transmittal" page at "Date and Hour of Service;" *see also* Executed Citation Return (**Ex. 2**).

[13]   28 U.S.C. § 1446(b).

[14]   *See id*.

[15]   (Previously attached as **Exhibit 1**).

(2) Executed Citation Return (filed March 14, 2022);[16]

(3) Defendant's Original Answer (filed April 1, 2022)[17] and

(4) State court docket sheet (as of April 7, 2022).[18]

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with this Notice:

- Civil Cover Sheet;
- Supplemental Civil Cover Sheet; and
- Certificate of Interested Persons.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Best Buy Co., Inc. respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division and for such other and further relief, in law or in equity, to which Defendant Best Buy Co., Inc. may show itself justly entitled.

Respectfully submitted,

/s/ Donna C. Peavler
**Donna C. Peavler**
*Attorney-in-Charge*
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Sara Kimbrough Scudday**
State Bar No. 24073675
sscudday@peavlerbriscoe.com
**Peavler|Briscoe**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)

---

[16] (Previously attached as **Exhibit 2**).

[17] (Previously attached as **Exhibit 3**).

[18] The State Court Docket Sheet is attached as **Exhibit 4**.

- 6 -

214-999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**
**BEST BUY CO., INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on April 7, 2022.

/s/ Donna C. Peavler
Donna C. Peavler