# EXHIBIT 1

**Exhibit 1**

**CT Corporation**

**Service of Process Transmittal**
03/10/2022
CT Log Number 541203945

TO:     Legal Sop
        Best Buy Enterprise Services, Inc.
        7601 PENN AVE S
        RICHFIELD, MN 55423-3683

RE:     **Process Served in Texas**

FOR:    Best Buy Co., Inc.  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MIGUEL GARCIA // To: Best Buy Co., Inc. |
| **DOCUMENT(S) SERVED:** | Citation, Attachment(s), Petition and Demand |
| **COURT/AGENCY:** | 68th District Court of Dallas County, TX<br>Case # DC2201840 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 05/24/2020 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/10/2022 at 12:12 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10 a.m. of the Monday next following the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | LOREN G. KLITSAS<br>KLITSAS & VERCHER, P.C.<br>550 WESTCOTT, SUITE 570<br>HOUSTON, TX 77007<br>713-862-1365 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/11/2022, Expected Purge Date: 03/16/2022<br><br>Image SOP<br><br>Email Notification, Legal Sop  ctlegalsop@bestbuy.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                Thu, Mar 10, 2022

**Server Name:**         Steve Friedenthal

| Entity Served | BEST BUY CO., INC. |
|---------------|--------------------|
| Case Number   | DC-22-01840        |
| Jurisdiction  | TX                 |



## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To: **BEST BUY CO., INC.**
   **SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
   **1999 BRYAN STREET SUITE 900**
   **DALLAS TX 75201-3136**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MIGUEL GARCIA**

Filed in said Court **15th day of February, 2022** against

**BEST BUY CO., INC.**

For Suit, said suit being numbered **DC-22-01840,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 22nd day of February, 2022.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
DANIEL MACIAS



---

**ESERVE**

**CITATION**

**DC-22-01840**

**MIGUEL GARCIA**
vs.
**BEST BUY CO., INC.**

ISSUED THIS
**22nd day of February, 2022**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
**LOREN G. KLITSAS**
KLITSAS & VERCHER, P.C.
550 WESTCOTT SUITE 570
HOUSTON TX 77007
713-862-1365
**klitsas@kv-law.com**

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID

# OFFICER'S RETURN

Case No. : DC-22-01840

Court No.68th District Court

Style: MIGUEL GARCIA

vs.

BEST BUY CO., INC.

Came to hand on the _____ day of _____ , 20_____ , at _____ o'clock _____.M. Executed at _____ ,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____ ,

20_____ , by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said  _____ before me this _____ day of _____ , 20 _____ ,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

FILED
2/15/2022 10:42 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Paula Mountique DEPUTY

1 CIT ESERVE   JURY DEMAND

DC-22-01840

CAUSE NO. _____

| | | |
|---|---|---|
| MIGUEL GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| BEST BUY CO., INC. | § | 68th ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:·

COMES NOW, MIGUEL GARCIA, hereinafter sometimes referred to as "Plaintiff," complaining of BEST BUY CO., INC., hereinafter sometimes referred to as "Defendant", and for cause of action would show unto the Court as follows:

### I. LEVEL

Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure 190. Plaintiff affirmatively pleads that he seeks only monetary relief in excess of $250,000, but not more than $1,000,000, excluding costs, penalties, expenses, pre-judgment interest, and attorney's fees.

### II. PARTIES

Plaintiff is a resident of Dallas County, Texas.

Defendant, Best Buy Co., Inc. is a foreign for-profit corporation licensed to do business in Texas, and may be served by serving its registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136 or wherever it may be found.

### III. ASSUMED NAMES, MISNOMER, AND ALTER EGO

As authorized by Rule 28 of the Texas Rules of Civil Procedure, this suit is brought against all those partnerships, unincorporated associations, private corporations, and individuals, either known or unknown, who are or were, during the period in which the incident made the basis of

this lawsuit occurred, including Ma7 24, 2020, doing business as Best Buy Co., Inc. Further, in the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such was a misnomer and/or such parties are/were alter egos of parties named herein.

Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that the Defendant's agents, officers, servants, borrowed servants, employees, or representatives did such act or thing and that the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, borrowed servants, employees or representatives. The principal is vicariously liable for the acts of the agent because of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine.

## IV. JURISDICTION & VENUE

This Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court.

All or a substantial part of the event or omissions giving rise to the claim occurred in Dallas County. Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code.

## V. NON-SUBSCRIBER

At all times material, Defendant, Best Buy Co., Inc. was a non-subscriber pursuant to Tex. Lab. Code § 401.001, *et seq*.

## VI. FACTS

### Negligence

On or about May 24, 2020, Plaintiff was lifting items in the warehouse at the Best Buy located at 731 N. Highway 67, in Cedar Hill, Texas when he injured his back, seriously injuring

2

himself. Defendant was negligent for the following acts and/or omissions including, but not limited to:

1.    Failure to provide a safe workplace;

2.    Failure to provide adequate safety policies and practices;

3.    Failure to follow adequate safety policies and practices;

3.    Failure to provide proper assistance and training;

4.    Failure to provide properly trained supervisors and/or directors;

5.    Requiring Plaintiff to perform tasks under conditions as stated above;

6.    Failure to maintain equipment; and

7.    Negligence in general.

The above-mentioned acts and/or omissions of Defendant constitutes negligence which proximately caused the damages sustained by Plaintiff.

## VII. DAMAGES

As a result of the occurrence in question, Plaintiff, Miguel Garcia, sustained serious personal injuries, mental anguish, physical pain and suffering, medical expenses in the past, and impairment and disability in the past. It is believed the Plaintiff will also suffer legally recoverable damages in the future. The Plaintiff will respectfully request the Court and Jury to determine the amount of loss that Miguel Garcia has incurred and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that the Plaintiff is entitled to have the jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiff for the injuries, damages, and losses incurred from the date of the accident in question until the time of trial of this case. Those elements of damages are as

3

follows:

    a.    The physical pain that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial;

    b.    The mental anguish that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial;

    c.    The amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiff's injuries from the date of the accident in question up to the time of trial;

    d.    The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of the occurrence in question up to the time of trial;

    e.    The disfigurement which the Plaintiff has suffered from the date of the occurrence in question up to the time of trial; and

    f.    The physical impairment in which the Plaintiff has suffered from the date of the occurrence in question up to the time of trial.

Further, the following are elements of damages to be considered separately which the Plaintiff will sustain in the future beyond the trial that are determined by a preponderance of the evidence upon trial of this cause.

    a.    The physical pain that the Plaintiff will suffer in the future beyond the time of trial;

    b.    The mental anguish that the Plaintiff will suffer in the future beyond the time of trial;

    c.    The reasonable value of medical expenses that will necessarily be incurred in the treatment of the Plaintiff's injuries in the future beyond the time of trial;

    d.    The loss and/or reduction in Plaintiff s earnings or earning capacity in the future caused by the injuries sustained in the occurrence in question;

    e.    The disfigurement that the Plaintiff will suffer in the future beyond the time of trial; and

    f.    the physical impairment which the Plaintiff will suffer in the future beyond the time of trial.

Plaintiff, Miguel Garcia, seeks monetary relief of over $250,000, but not more than

4

$1,000,000, and demand for judgment for all other relief to which the party deems himself entitled.

## VIII. REQUESTS FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## IX. JURY DEMAND

Plaintiff respectfully requests a trial by jury and herewith tenders the appropriate fee.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer and that upon final hearing, Plaintiff, recover judgment against the Defendant for his damages as they may appear at trial hereof, prejudgment and post-judgment interest, costs of court, and such other relief to which Plaintiff may be entitled.

Respectfully Submitted,

**KLITSAS & VERCHER, P.C.**

**By:** ___*/s/ Loren G. Klitsas*_____
**Loren G. Klitsas**
**State Bar No. 00786025**
550 Westcott, Suite 570
Houston, Texas 77007
(713) 862-1365 – telephone
(713) 862-1465 – facsimile
klitsas@kv-law.com

**ATTORNEY FOR PLAINTIFF**

5

# EXHIBIT 2

**Exhibit 2**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:  BEST BUY CO., INC.**
**SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201-3136**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be taken
against you. In addition to filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days
after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be
addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MIGUEL GARCIA**

Filed in said Court **15th day of February, 2022** against

**BEST BUY CO., INC.**

For Suit, said suit being numbered **DC-22-01840,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition **REQUEST FOR DISCLOSURE**,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 22nd day of February, 2022.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
      DANIEL MACIAS



---

| **ESERVE** |
|:---:|
| **CITATION** |
| **DC-22-01840** |
| **MIGUEL GARCIA**<br>vs.<br>**BEST BUY CO., INC.** |
| ISSUED THIS<br>**22nd day of February, 2022** |
| FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas |
| By: DANIEL MACIAS, Deputy |

**Attorney for Plaintiff**
**LOREN G. KLITSAS**
KLITSAS & VERCHER, P.C.
550 WESTCOTT SUITE 570
HOUSTON TX 77007
713-862-1365
**klitsas@kv-law.com**

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-22-01840

Court No.68th District Court

Style: MIGUEL GARCIA

vs.

BEST BUY CO., INC.

Came to hand on the _10th_ day of _march_, 20 _22_, at _8:00_ o'clock _A_.M. Executed at _1999 BRYAN ST #900, DALLAS, TX 7520?_

within the County of _DALLAS_ at _11:45_ o'clock _A_.M. on the _10th_ day of _MARCH_,

20 _22_, by delivering to the within named _BEST BUY CO INC. B/S IT'S R/A, CT CORPORATION SYSTEMS, MACHINE MEDICA WILLIAMS_

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |  |  |
|---|---|---|---|---|
| For serving Citation | $_____ | | _STEVEN J. FREDENTHAL_ | |
| For mileage | $_____ | of | _Dallas_ County, | _TX_ |
| For Notary | $_____ | By | _[signature]_ | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _STEVEN J. FREDENTHAL_ before me this _11th_ day of _march_, 20 _22_

to certify which witness my hand and seal of office.

_Carrie M. Dean_

Notary Public _Dallas_ County _TX_

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 62571073
Status as of 3/16/2022 11:48 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LOREN G.KLITSAS | | klitsas@kv-law.com | 3/14/2022 11:07:48 AM | SENT |

# EXHIBIT 3

**Exhibit 3**

FILED
4/1/2022 2:25 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Brandon Keys DEPUTY

CAUSE NO. DC-22-01840

| | | |
|---|---|---|
| MIGUEL GARCIA, | § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 68TH JUDICIAL DISTRICT |
| | § | |
| BEST BUY CO., INC., | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

---

### DEFENDANT'S ORIGINAL ANSWER

COMES NOW, Defendant Best Buy Co., Inc., ("Defendant"), in the above-entitled and numbered cause and files its Original Answer and, in support thereof, respectfully show as follows:

**I.**
**VERIFIED DENIAL**

1.       By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendant denies that Plaintiff is entitled to recover from named Defendant "BEST BUY CO., INC." in the capacity in which it has been sued.  Specifically, Defendant denies that "BEST BUY CO., INC." was, in any way, involved in the events giving rise to this action or employed the persons involved in the alleged incident.  Consequently, Plaintiff has no right or potential right of recovery against Defendant "BEST BUY CO., INC." because it is not a proper party. *See, e.g.*, *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006). Though both liability and damages are disputed, the correct Best Buy entity, if any, is Best Buy Stores, L.P.

**II.**
**GENERAL DENIAL**

2.       Defendant denies each and every material allegation contained in Plaintiff's Original Petition and an amendment or supplement thereto, demands strict proof thereof, and,

---

to the extent that such matters are questions of fact, says Plaintiff must prove such facts by a preponderance of the evidence if he can so do.

## III.
## DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY

3.      Defendant specifically denies Plaintiff's claims that it was negligent, and Defendant denies that its alleged acts or omissions proximately caused Plaintiff's alleged damages, if any.

4.      Defendant asserts that Plaintiff failed to use the degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, which solely produced and proximately caused Plaintiff's alleged damages, if any.

5.      Defendant asserts that Plaintiff's alleged damages, if any, may have been caused by the acts of third persons not under the control of Defendant. Such acts or omissions of said third persons may have been the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

6.      Defendant asserts that the inherent dangers and risks associated with lifting were commonly known, obvious, and actually known to Plaintiff and, therefore, Defendant had no duty to protect Plaintiff against such risks.

7.      Defendant contends that it is not liable to Plaintiff because Plaintiff was performing the same character of work that he and employees in his position have always done, and there is no evidence the work was unusually precarious.

8.      Defendant asserts that it owed Plaintiff no duty to warn, train, or provide additional equipment or employees because the task he was performing did not require special

training or tools and the risks associated with it are commonly known and/or appreciated by Plaintiff.

9.      Defendant asserts that the accident complained of was an unavoidable accident, as that term is known under Texas law.

10.     To the extent necessary, Defendant asserts that Plaintiff's damages, if any, may have been the result of prior, pre-existing, or subsequent injuries, accidents, or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or contributing cause of Plaintiff's damages, if any.

11.     Defendant may further show that Plaintiff may have breached his duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.  This may include failing to present available health insurance information to medical providers to take advantage of contractual write-offs and adjustments available under such health-insurance plans.

12.     Defendant asserts that Plaintiff may be malingering and/or exaggerating the nature and severity of his alleged injuries to inflate the amount of his alleged damages. Further, to the extent Plaintiff has been or is malingering and/or exaggerating the nature and severity of his alleged injuries in order to continue treatment and thereby increase the amount of his medical damages, Defendant contends that said extended treatment is not medically necessary or reasonable.

13.     Defendant contends that any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care, must be reasonable charges for the service for the location provided, and, as

regards to past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

14.     Defendant contends that, pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity, and loss of contributions of pecuniary value, evidence of these alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

15.     Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

16.     In the unlikely event an adverse judgment is rendered against it, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

17.     Defendant asserts that it is further entitled to a credit or offset against any judgment that may be rendered against it for any and all amounts paid to or on behalf of Plaintiff under any of Defendant's benefit or insurance programs, including, but not limited to, the Occupational Benefits Plan for the Texas Employees of Best Buy Co., Inc. and/or any other later named Best Buy entity, as applicable.

**IV.**
**COURT REPORTER REQUESTED**

Defendant respectfully requests that a court reporter be present at all proceedings before the Court.

**V.**

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff take nothing by this cause of action; that Defendant be permitted to recover the costs and fees expended on its behalf; and for all other and further relief, both general and special, at law and in equity, to which it shows itself to be justly entitled.

Respectfully submitted,

*/s/* Donna C. Peavler

**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Sara K. Scudday**
State Bar No. 24073675
scudday@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on April 1, 2022.

*/s/* Donna C. Peavler

**Donna C. Peavler**

## VERIFICATION

STATE OF TEXAS      §
                               §
COUNTY OF TARRANT    §

      Before me, the undersigned authority, did personally appear Donna C. Peavler, who upon her oath deposes and says that she is one of the attorneys of record for Defendant; that she is over the age of 18 and otherwise competent to make this verification. Accordingly, Donna C. Peavler verifies that the facts alleged in Section I of the foregoing pleading are true and correct.

 

**Donna C. Peavler**

 

Subscribed and sworn to before me on this the __1st__ day of __April__, 2022.

JANIE CARDWELL KARRINGTON
Notary ID #130146028
My Commission Expires
May 28, 2024

_____
NOTARY PUBLIC in and for the State of Texas

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Peavler on behalf of Donna Peavler
Bar No. 783887
dpeavler@peavlerbriscoe.com
Envelope ID: 63191249
Status as of 4/1/2022 3:09 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LOREN G.KLITSAS | | klitsas@kv-law.com | 4/1/2022 2:25:23 PM | SENT |
| Donna Peavler | | dpeavler@peavlerbriscoe.com | 4/1/2022 2:25:23 PM | SENT |
| Janie Karrington | | jkarrington@peavlerbriscoe.com | 4/1/2022 2:25:23 PM | SENT |
| Sandy Dixon | | sdixon@peavlerbriscoe.com | 4/1/2022 2:25:23 PM | SENT |
| Sara KimbroughScudday | | SScudday@peavlerbriscoe.com | 4/1/2022 2:25:23 PM | SENT |

# EXHIBIT 4

**Exhibit 4**

## Case Information

DC-22-01840 | MIGUEL GARCIA vs. BEST BUY CO., INC.

Case Number
DC-22-01840

Court
68th District Court

Judicial Officer
HOFFMAN, MARTIN

File Date
02/15/2022

Case Type
OTHER PERSONAL INJURY

Case Status
OPEN

## Party

PLAINTIFF
GARCIA, MIGUEL

Active Attorneys ▾
Lead Attorney
KLITSAS, LOREN GEORGE
Retained

DEFENDANT
BEST BUY CO., INC.

Address
REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201-3136

Active Attorneys ▾
Lead Attorney
PEAVLER, DONNA C
Retained

## Events and Hearings

02/15/2022 NEW CASE FILED (OCA) - CIVIL

02/15/2022 ORIGINAL PETITION ▾

ORIGINAL PETITION

02/15/2022 ISSUE CITATION ▾

ISSUE CITATION - BEST BUY CO., INC.

02/15/2022 JURY DEMAND ▾

JURY DEMAND

02/15/2022 REQUEST FOR SERVICE ▾

REQUEST FOR SERVVICE

02/22/2022 CITATION▾

Served
03/10/2022

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
03/14/2022
Comment
BEST BUY CO., INC.

03/14/2022 RETURN OF SERVICE ▾

EXECUTED CITATION - BEST BUY CO INC

Comment
EXECUTED CITATION - BEST BUY CO INC

04/01/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

BEST BUY'S ORIGINAL ANSWER

## Documents

REQUEST FOR SERVVICE

ORIGINAL PETITION

JURY DEMAND

ISSUE CITATION - BEST BUY CO., INC.

EXECUTED CITATION - BEST BUY CO INC

BEST BUY'S ORIGINAL ANSWER